**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 06-615-C**

**LOUIS A. HOAGLAND, as Administrator of**
**the Estate of Jennifer B. Hoagland,**                                                          **PLAINTIFF,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**FORD MOTOR COMPANY,**                                                       **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendant's motion for a stay (DE 9), the defendant's motion to dismiss for lack of jurisdiction (DE 10), and a partial motion to dismiss the plaintiff's express and implied warranty claims (DE 10). The court, having reviewed the record and being otherwise advised, will deny the motion for a stay as moot, deny the motion to dismiss, and grant the partial motion to dismiss.

**I.**     **The Motion for a Stay (DE 9)**

On February 15, 2007, the defendant, Ford Motor Company ("Ford"), filed a motion to stay proceedings in this matter for 60 days in order to conduct discovery related to questions of personal jurisdiction, venue, service, service of process[,]" and other affirmative defenses under Rule 12 of the Federal Rules of Civil Procedure. (DE 9-1 at 1.) On March 13, 2007, one week after the plaintiff's deadline to file a response to this motion for a stay, the defendant filed the motion to dismiss under Rule 12 presently before the court, raising issues of personal

jurisdiction, venue, and service as well as an argument against the plaintiff's breach of express and implied warranty claims. Accordingly, the court will deny the defendant's motion for a stay as moot.

## II.     The Motion to Dismiss (DE 10)

The court must consider the facts "derive[d] from the pleadings and affidavits, taken in the light most favorable to Plaintiff, and without considering Defendant['s] version of any disputed facts." *Papa John's Int'l, Inc. v. Entm't Mktg. & Commc'ns Int'l, Ltd.*, 381 F. Supp. 2d 638, 639 (W.D. Ky. 2005); *see also Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). To defeat "'such a motion, the plaintiff need only make a prima facie showing of jurisdiction.'" *Dean*, 134 F.3d at 1272 (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)).

At some point after 3 A.M. on November 27, 2005, Jennifer Hoagland, a resident of Kentucky,[1] was involved in a fatal accident in Floyd County, Indiana, while returning home. At the time, Ms. Hoagland owned a 1996 Ford Escort, which had been purchased from Kentucky residents in Shepherdsville, Kentucky. *E.g.*, DE 11-2 at 1. On November 27, 2006, Louis Hoagland, Ms. Hoagland's

---

[1] At the time of her death, Jennifer Hoagland resided with her family in Mount Washington, Kentucky, although she occasionally stayed in the dormitories at the University of Louisville, where she was a student. According to Stephanie Hazel, who was driving Ms. Hoagland's car at the time of the accident, the two left Louisville for Indiana at some point after 2 A.M. on November 27, 2005, arrived at their destination in Indiana at some point "around 3-3:15am[,]" and decided to return to Kentucky at some point "[l]ater that morning . . . ." (DE 11-3 at 1-2.)

father and the administrator of her estate, filed suit against Ford in the Circuit Court of Bullitt County, Kentucky, alleging that his daughter's injuries and death were caused by the defective condition of her car and the negligence of the defendant. The defendant removed the case to this court on December 1, 2006.

Because Ms. Hoagland's "injury and death . . . occurred outside the Western District of Kentucky[,]" the defendant argues that personal jurisdiction is lacking, that venue is improper, and that both process and service are defective in this case because "Ford's agent for service of process in Kentucky has no authority to accept service on its behalf in suits that bear no reasonable relationship to Kentucky [or] relate solely to actions arising outside of Kentucky." *E.g.*, DE 10-2 at 2, 10. In the alternative, the defendant suggests that even if personal jurisdiction exists, the substantive law of Indiana, rather than Kentucky, should apply. Finally, and also in the alternative, the defendant argues that even if personal jurisdiction exists, the plaintiff's breach of express and implied warranty claims should be dismissed. These arguments, and the plaintiff's responses, are discussed individually below.

    **A.**    **Personal Jurisdiction, Venue, and Service of Process**

"In order to determine whether personal jurisdiction exists over a nonresident defendant in a diversity action," such as the matter at hand, the court "must apply the law of the state in which it sits, subject to due process limitations." *Auto Channel, Inc. v. Speedvision Network, LLC*, 995 F. Supp. 761, 762 (W.D. Ky. 1997) (citing *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). Kentucky's

3

long-arm statute, Kentucky Revised Statute § 454.210(2)(a), provides that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's" activities that meet one of the following four categories potentially relevant to this matter: first, "[t]ransacting any business in this Commonwealth"; second, "[c]ontracting to supply services or goods in this Commonwealth"; third, "[c]ausing tortious injury by an act or omission in this Commonwealth"; and fourth, "[c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used . . . in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of" the business or course of conduct or revenue derived within the Commonwealth.

In other words, "under the long-arm statute, a plaintiff must demonstrate that the defendant has the statutorily required contacts with Kentucky and that the cause of action arose from those contacts." *Auto Channel*, 995 F. Supp. at 763. In essence, the Kentucky "legislature has designed the long-arm statute to ensure that non-resident defendants have 'minimum contacts' with Kentucky 'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* at 764 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "The Sixth Circuit interprets Kentucky's long-arm statute as extending to the limits of Due Process"; thus, the court's examination of

4

Kentucky's long-arm statute dovetails with its inquiry into "whether Due Process permits the exercise of personal jurisdiction." *Papa John's*, 381 F. Supp. 2d at 641. "To determine whether the defendant has the requisite minimum contacts," the court must apply a three-part test: first, "'the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state'"; second, the plaintiff's "cause of action must arise from the defendant's activities there'"; and third, "'the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.'" *Id.* (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1998)); *see also Info-Med, Inc. v. Nat'l Healthcare, Inc.*, 669 F. Supp. 793, 795-96 (W.D. Ky. 1987) (stating that "[i]t is well established that the Kentucky long-arm statute allows state courts to reach the full constitutional limits of due process in the extension of jurisdiction over nonresident defendants").

In this case, as in *Auto Channel*, "there appears to be no dispute that the alleged tortious acts from which [the plaintiff's] claims arose occurred outside Kentucky[,]" 995 F. Supp. at 763, because, although Ford manufactures some automobiles in Kentucky, the 1996 Ford Escort at issue in this matter "was not designed or manufactured by Ford in Kentucky[,]" *see* DE 10-2 at 4.[2] Thus, the relevant section of Kentucky's long-arm statute is § 454.210(2)(a)4, which, as

---

[2] The plaintiff does not dispute Ford's assertion that the 1996 Ford Escort at issue was neither designed nor manufactured in Kentucky.

stated above, "permits personal jurisdiction over nonresident tortfeasors who cause tortious injury in the state through acts done outside the state."  *Auto Channel*, 995 F. Supp. at 764.  Citing *Auto Channel*, the defendant argues that personal jurisdiction is lacking "[b]ecause no act or omission by Ford within Kentucky causally relates to" the injuries at issue, which were caused by the accident in Indiana.  (DE 10-2 at 9.)  In response, the plaintiff argues that personal jurisdiction exists because the automobile at issue "was voluntarily placed into the stream of commerce in Kentucky by Ford[,]" even if it was designed and manufactured elsewhere, and because the driver and passenger in the accident at issue "were Kentucky residents making an automobile trip that started and was intended to end in Kentucky."  (DE 11-1 at 5.)

Ford's reliance on *Auto Channel*'s holding is somewhat misplaced.  In *Auto Channel*, the court found that there was "scant evidence" that either of the relevant defendants "'does or solicits' business in Kentucky" because, unlike Ford, neither defendant in *Auto Channel* "has any business operations whatsover within Kentucky and neither has engaged in any advertising in the state."[3]  *Auto Channel*,

---

[3] Two other superficially similar cases cited by Ford are also inapposite.  In *Bowen v. Eastside Jersey Dairy*, 521 S.W.2d 822 (Ky. 1975), the Kentucky Court of Appeals found that personal jurisdiction was lacking over a case arising from a car accident in Indiana involving a nonresident defendant.  Unlike the matter at hand, the defendants in *Bowen* were allegedly directly involved in the accident at issue, either as individuals or as employers; moreover, unlike the matter at hand, the record in *Bowen* "contained no indication of any action taken by either defendant in or with respect to the state of Kentucky except for two letters . . . claiming damages to the [defendants'] truck."  521 S.W. 2d at 823.  *Perkins-Richardson v. Winters Insurance Agency*, No. 7:05-153-DCR, 2005 WL 3158035

995 F. Supp. at 765. In contrast, in the matter at hand, there is no dispute that Ford manufactured the Escort at issue, nor is there any dispute that Ford introduced it into the stream of commerce or that such activities constitute Ford's regular course of business in Kentucky, from which it derives substantial revenue. Similarly, the court finds that by manufacturing and introducing this automobile into the stream of commerce, Ford purposefully availed itself of the privileges of acting and causing consequences in Kentucky, that the plaintiff's cause of action arose from the purchase of this car in Kentucky, and that the connection between Ford's actions, the events giving rise to this suit, and Kentucky are such that the court's exercise of jurisdiction over Ford is reasonable. The court concludes that the requirements of the Due Process Clause and Kentucky's long-arm statute have been met; therefore, the extension of personal jurisdiction over Ford in this matter is appropriate.[4]

---

(E.D. Ky. Sept. 7, 2005) offers even less support to the defendant's argument. In *Perkins-Richardson*, the court declined to exercise jurisdiction over a nonresident defendant insurance company and a nonresident defendant insurance agency after finding that neither defendant had ever conducted any business in Kentucky. By manufacturing and distributing the Ford Escort at issue, and others like it, Ford engaged in conduct far beyond the minimal or literally non-existent contact with Kentucky analyzed in *Bowen* and *Perkins-Richardson*, respectively.

[4] The defendant's brief venue and service of process arguments are substantially identical to and wholly dependent upon its personal jurisdiction argument. *See, e.g.*, DE 10-2 at 9-10 (stating that "[b]ecause the Court lacks personal jurisdiction over Ford in Kentucky, venue is improper in Kentucky, and there has not been proper service of process on Ford through its registered agent for service of process in . . . Kentucky"). Accordingly, the court will not consider them at any greater length at this time.

### B. Choice of Law

According to the defendant, because "the injury and tort occurred outside Kentucky, [and because] the vehicle was designed and manufactured outside Kentucky, and [because] the Defendant Ford is not a resident of Kentucky[,]" the "[p]laintiff's entire substantive cause of action (wrongful death allegedly caused by a manufacturing or design defect) relates to events that transpired outside . . . Kentucky." *Id.* at 6. Therefore, the defendant concludes, the court should reject Kentucky's substantive law in favor of the substantive law of another state, presumably Indiana.

Kentucky law governs the choice-of-law analysis. *See, e.g.*, *Adam v. J.B. Hunt Transport, Inc.*, 130 F.3d 219, 224 (6th Cir. 1998) (holding that a federal district court located in Kentucky "is the functional equivalent of a Kentucky court" for choice-of-law purposes "in [a] diversity case"). "[A]s a starting presumption, there is 'no doubt Kentucky prefers the application of its own laws over those of another forum.'" *Custom Prods., Inc. v. Fluor Daniel Canada, Inc.*, 262 F. Supp. 2d 767, 771 (W.D. Ky. 2003) (quoting *Rutherford v. Goodyear Tire & Rubber Co.*, 943 F. Supp. 767, 789 (W.D. Ky. 1996)). In general, "any significant contact with Kentucky is sufficient to allow Kentucky law to be applied." *McGinnis v. Taitano*, 3 F. Supp. 2d 767, 769 (W.D. Ky. 1998) (citations omitted). Indeed, "'Kentucky courts have apparently applied Kentucky substantive law whenever possible.'" *Adam*, 130 F.3d at 223 (quoting *Harris Corp. v. Comair, Inc.*, 712 F.2d 1069,

8

1071 (6th Cir. 1983)). Although "there are occasions when a careful examination of the facts reveals that the case's actual connection to Kentucky is simply too remote to justify applying Kentucky law[,]" this court is also mindful that "Kentucky's tort and products liability laws are intended to protect Kentucky residents and provide compensation when they are *the injured party*." *Custom Prods.*, 262 F. Supp. 2d at 771, 773.

Ford relies heavily on *Custom Products* and *McGinnis* for its argument, but neither case provides any real support for its position.[5] In fact, the reasoning of both *Custom Products* and *McGinnis*, excerpted above, actually demonstrates that Kentucky substantive law *should* govern this action. Although the accident at issue in this case occurred in Indiana, it occurred in the middle of a brief trip, which both began and was intended to end in Kentucky. Most importantly, the alleged injuries in this case were suffered by a Kentucky resident driving a car purchased in Kentucky. Therefore, the court finds that the contacts with Kentucky at issue in this case are significant enough to justify the application of Kentucky law.

    **C.**    **The Plaintiff's Breach of Express & Implied Warranty Claims**

The defendant argues that the plaintiff's breach of express and implied warranty allegations fail to state a claim upon which relief may be granted. In

---

[5] For example, in *Custom Products*, unlike the matter at hand, both injured parties were Canadian residents. *See* 262 F. Supp. 2d at 773. In *McGinnis*, "[n]either party had a connection to Kentucky at the time of the accident[,]" and at the time of the suit, the plaintiff was a resident of California. *See* 3 F. Supp. 2d at 769, 768.

response, the plaintiff concedes that these claims should be dismissed, though the plaintiff maintains that its strict liability and negligence claims may proceed. Accordingly,

**IT IS ORDERED** that the defendant's partial motion to dismiss (DE 10) is **GRANTED**.  The plaintiff's breach of express and implied warranty claims are dismissed, but its strict liability and negligence claims will proceed.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss for lack of personal jurisdiction (DE 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion for a stay (DE 9) is **DENIED AS MOOT**.

Signed on  September 20, 2007

**Jennifer B. Coffman, Judge**
**United States District Court**